UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA JEAN GATER,

   Plaintiff,

v.            Case No. 8:19-cv-239-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

   Defendant.
_____/

## ORDER

  Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income benefits ("SSI"). As the Administrative Law Judge's ("ALJ") decision is based on substantial evidence and employed proper legal standards, the Commissioner's decision is Affirmed.

  **I.**  **Procedural Background**

  On September 3, 2015, Plaintiff filed an application for SSI benefits (Tr. 18). The Commissioner denied Plaintiff's claims both initially and on reconsideration (Tr. 88–100; 103–121). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35–66). Following the hearing, the ALJ issued a partially favorable decision finding Plaintiff not disabled before February 28, 2018, but disabled from that date forward (Tr. 29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff claimed disability beginning September 3, 2015 (Tr. 18). Plaintiff has limited education (Tr. 28). Plaintiff's past relevant work experience included work as a packaging line attendant and a prep cook (Tr. 27). Plaintiff alleged disability due to scoliosis, vision problems, back and leg problems, bipolar disorder, and depression (Tr. 88).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 3, 2015, the alleged onset date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, osteoarthritis of the right knee and left shoulder, obesity, bipolar disorder, and posttraumatic stress disorder (Tr. 20). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with limitations. Of relevance, Plaintiff was limited to the performance of simple and routine tasks and simple work-related decisions. She was also limited to having frequent contact with supervisors and occasional contact with coworkers and the general public. Additionally, Plaintiff was found able to maintain attention, concentration, persistence, and pace in two-hour increments throughout an eight-hour workday with normal work breaks (Tr. 23).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of the alleged symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 26). Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that since September 3, 2015, Plaintiff could not perform past relevant work (Tr. 27). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as mail clerk, nut and bolt assembler, and power screwdriver operator (Tr. 28). The ALJ noted that as of February 28, 2018, Plaintiff's age category changed to an individual of advanced age (Tr. 28). Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled prior to February 28, 2018, but disabled from that date forward (Tr. 28–29). Plaintiff seeks judicial review of her denial of benefits for the period between her alleged onset date and February 28, 2018.

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an

impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration ("SSA"), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits her ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.    Analysis**

Plaintiff raises one issue on appeal—whether the Commissioner erred by failing to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff argues that an easily identifiable conflict exists between her RFC limitations to perform "simple and routine tasks and simple work-related decisions" (Tr. 23) and the job of a mail clerk identified by the VE as one Plaintiff could perform despite her limitations. Specifically, Plaintiff claims that the job of a mail

clerk requires a reasoning level of three, which according to Plaintiff "certainly surpass the 'simple' restriction" on her RFC determination (Doc. 18 at 7). The Commissioner counters that the Court does not need to reach this issue because in addition to the mail clerk job the VE identified other jobs with a reasoning level of one. Therefore, the ALJ properly relied on the VE's testimony in finding that Plaintiff could perform other work existing in significant numbers in the national economy (Doc. 18 at 11–12). The Court agrees with the Commissioner.

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can adjust to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can adjust to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot adjust to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). In making such a determination, "the ALJ can consider both jobs data drawn from the DOT as well as from the testimony of the VE." *Washington v. Commr. of Soc. Sec.*, 906 F.3d 1353, 1360 (11th Cir. 2018). Occasionally, apparent conflicts between the DOT's jobs data and the VE's testimony may arise. In those situations, the ALJ must identify the apparent conflicts and resolve them. *Id.* According to the Eleventh Circuit, this duty requires that the ALJ do more than

"simply asking the VE whether his testimony is consistent with the DOT. Once the conflict has been identified . . . the ALJ [must] offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict." *Id.* at 1356. "[F]ailure to discharge this duty means that the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence." *Id.*

During the hearing, the ALJ asked the VE to assume that a hypothetical individual, in this case Plaintiff, had the RFC to perform less than full range of light work with various limitations, including work that was limited to "simple and routine tasks and limited to simple work-related decisions" (Tr. 61). Based on the Plaintiff's age, education, and experience the VE concluded that while she could not perform her previous job, Plaintiff was able to perform the jobs of a mail clerk, a nut and bolt assembler, and a power screwdriver operator (Tr. 62).

The DOT describes the position of a mail clerk as requiring a reasoning level of three. DOT 209.687-026. The DOT describes the positions of a nut and bolt assembler and a power screwdriver operator as requiring a reasoning level of one. DOT 929.587-010; DOT 699.685-026. An applicant with a reasoning level of one can "[a]pply commonsense understanding to carry out simple one-or-two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C. By contrast, an applicant with a reasoning level of three can "carry out instruction in written, oral, or diagrammatic form" in situations "involving several concrete variables in or from standardized situations." *Id.*

The Court finds an "apparent conflict" between the ability to carry out simple tasks and a job with a reasoning level of three, which requires the ability to carry out instructions in "diagrammatic form", in which several concrete variables deviate from the standardized situation. *See Langway v. Berryhill*, No. 8:18-CV-549-T-30CPT, 2019 WL 918958, at *4 (M.D. Fla. Feb. 8, 2019) (finding an apparent conflict between the ability to perform the job of a mailroom clerk, which requires a reasoning level of three, and the plaintiff's limitation to understanding, remembering, and carrying out simple instructions); *Akins v. Comm'r of Soc. Sec.*, 2009 WL 2913538, at *5 (M.D. Fla. Sept. 10, 2009) (questioning whether a plaintiff limited to simple tasks could perform work at a reasoning level three); *Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1339-40 (M.D. Fla. 2007) (rejecting a recommendation to affirm a Commissioner's decision where the ALJ failed to acknowledge an apparent conflict between the VE's testimony that plaintiff could perform work with reasoning level three and an RFC limitation to simple, routine, and repetitive tasks); and *Estrada v. Barnhart*, 417 F. Supp. 2d 1299, 1303-04 (M.D. Fla. 2006) (concluding that remand for resolution of an apparent unresolved conflict between jobs with DOT reasoning level three and plaintiff's limitation to simple interactions and tasks is appropriate per SSR 00-4p). In light of the mandate in *Washington*, requiring an ALJ to identify and resolve an "apparent conflict", even if this conflict turns out to be not "real or true", the Court finds that the ALJ failed to comply with his "affirmative obligation" to investigate and resolve an apparent conflict. 906 F.3d at 1366.

The ALJ's error in resolving the apparent conflict, however, does not warrant remand. As previously discussed, the ALJ found Plaintiff capable of performing not only

8

the jobs of a mail clerk, but also the jobs of a nut and bolt assembler and a power screwdriver operator, which require a reasoning level of one. Jobs with a reasoning level of one do not present an apparent conflict with Plaintiff's RFC limitations to perform "simple and routine tasks" and to make "simple work-related decisions." *See Chambers v. Commr. of Soc. Sec.*, 662 F. App'x. 869, 873 (11th Cir. 2016) (finding that the job of housekeeping cleaner with a reasoning level of one does not require more mental capacity than that required to perform simple work). Moreover, Plaintiff does not argue that a conflict exists between her RFC and the jobs of a nut and bolt assembler and a power screwdriver or that she is unable to perform these jobs. *See Wooten v. Comm'r. of Soc. Sec.*, 787 F. App'x. 671, 674 (11th Cir. 2019) (finding that the Court needs not address whether a limitation to simple, routine, repetitive work is inconsistent with a job that requires a reasoning level of three, when the VE identified another job with a reasoning level of one and the plaintiff did not allege the job was inconsistent with her RFC); *Bowen,* 482 U.S. at 142 (stating that a plaintiff is entitled to benefits only if unable to perform other work available in the national economy). Consequently, the ALJ's error is harmless. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (stating that an error may be harmless when it does not prejudice a claimant).

V. **Conclusion**

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the COMMISSIONER and close the case.

ORDERED in Tampa, Florida, on February 7, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE